UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIM HENRY REDD,

    Plaintiff,

vs.

MICHAEL BARNES, and
ALLEY CASSETTY COMPANIES, INC.,

    Defendant.

CASE NO.
Hon:

**COMPLAINT**
**PLAINTIFF DEMANDS TRIAL**
**BY JURY**

_____/

PATRICK A. ROONEY (P51969)
Attorney for Plaintiff
42490 Garfield Road, Suite 210
Clinton Township, MI 48038
(586) 286-1500/(586) 286-1521 – fax
patrickarooney@gmail.com
rooneystaff@gmail.com
_____/

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT.

      /s/Patrick A. Rooney
    ATTORNEY FOR PLAINTIFF

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff JIM HENRY REDD, by and through his attorney, and for his cause of action against the Defendants states:

1.    Plaintiff, JIM HENRY REDD, is a resident of the Township of Harrison, in the County of Macomb, in the State of Michigan. His current address is 25831 Village Green Blvd., #206, Harrison Township, Michigan 48045. At all pertinent times, Plaintiff

1

was a resident of the State of Michigan and residing within the Eastern District of Michigan Federal Court Jurisdiction (Southern Division).

2. The Defendant, MICHAEL BARNES, is a resident of the City of Murfreesboro, in the County of Rutherford, in the State of Tennessee.

3. The Defendant, ALLEY CASSETTY COMPANIES, INC., is a domestic corporation of the State of Tennessee, with its principal office located at 2 Oldham Street, Nasvhille, Tennessee 37202. Further, Defendant ALLEY CASSETTY COMPANIES, INC., is a corporation that engages in the business of interstate trucking and hauling.

4. There is diversity of citizenship between the parties.

5. On June 1, 2020, the Defendant MICHAEL BARNES was the driver of a semi-truck, a 2016 Western Star CBE, VIN 5KJJBHD50GLHS5132, owned by Defendant ALLEY CASSETTY COMPANIES, INC. The semi-truck was being driven by Defendant BARNES at the direction of, and with the consent of, Defendant ALLEY CASSETTY COMPANIES, INC. Further at pertinent times, Defendant BARNES was the agent or employee of Defendant ALLEY CASSETTY COMPANIES, INC. As such, Defendant ALLEY CASSETTY COMPANIES, INC. is directly and vicariously liable for the negligent conduct of Defendant BARNES which occurred on June 1, 2020, as set forth below.

6. The Defendant MICHAEL BARNES was driving the 2016 Western Star semi-truck on June 1, 2020, in the City of Williamsburg, in the State of Kentucky, on the I-75 expressway, northbound, when the Defendant BARNES attempted to change lanes

from the left lane into the right. When the Defendant attempted to change lanes, he struck a vehicle which was rightfully already in the right lane. Plaintiff JIM HENRY REDD was a passenger in the vehicle struck by the Defendant BARNES and due to the collision Plaintiff JIM HENRY REDD sustained serious injuries as set forth below.

7. The Defendant MICHAEL BARNES was negligent and did violate the common and statutory laws of the State of Kentucky in the following, but not limited to the following, particulars:

a) In the Defendant MICHAEL BARNES violating the laws of the State of Kentucky, by making a sudden and improper lane change in contravention to Kentucky Revised Statute 189.380;

b) In the Defendant MICHAEL BARNES impeding traffic in entering a lane that was already occupied by making a sudden and improper lane change;

c) In the Defendant MICHAEL BARNES failing to make proper observations of the then existing conditions and in entering a lane that was already occupied by another vehicle when Defendant BARNES made a sudden and improper lane change in violation of Kentucky Revised Statute 189.380;

d) In the Defendant MICHAEL BARNES operating a commercial motor vehicle in a reckless manner and committing a serious traffic offense by engaging in improper or erratic traffic lane changes as set forth in Kentucky Revised Statute 35.645.

8. Defendant ALLEY CASSETTY COMPANIES, INC., was negligent through its agent, servants and or employees, specifically Defendant MICHAEL BARNES, and is directly and vicariously liable for the injuries sustained by Plaintiff JIM HENRY REDD. Further, the Defendant did breach its duties to the Plaintiff in the following, but not limited to the following, particulars:

a) In the Defendant ALLEY CASSETTY COMPANIES, INC., having a driver that violated the laws of the State of Kentucky by making a sudden and improper lane change in contravention to Kentucky Revised Statute 189.380;

3

    b)    In the Defendant ALLEY CASSETTY COMPANIES, INC., having a driver that violated the laws of the State of Kentucky by impeding traffic in entering a lane that was already occupied making a sudden and improper lane change;

    c)    In the Defendant ALLEY CASSETTY COMPANIES, INC.,, having a driver that violated the laws of the State of Kentucky by failing to make proper observations of the then existing conditions and in entering a lane that was already occupied when the driver of the truck made a sudden and improper lane change;

    d)    In the Defendant ALLEY CASSETTY COMPANIES, INC.,, having a driver that violated the laws of Kentucky by operating a commercial motor vehicle in a reckless manner and committing a serious traffic offense by engaging in improper or erratic traffic lane changes as set forth in Kentucky Revised Statute 35.645 and its amendments.

9.    To the extent that a choice of laws requires, Defendant MICHAEL BARNES was negligent under the common law and the statutory law of the State of Michigan in the following, but not limited to the following, particulars:

    a)    In the Defendant MICHAEL BARNES driving a motor vehicle upon the highway in a careless, reckless, and wanton manner in total disregard of the rights and safety of other lawfully upon the highway in violation of MCL §257.626, and its amendments;

    b)    In the Defendant MICHAEL BARNES failing to maintain a proper lookout and in otherwise negligently operating a motor vehicle so as to cause a collision, injury and harm to your Plaintiff in violation of MCL §257.402; MCL §257.643; MCL §257.627 and its amendments;

    c)    In the Defendant MICHAEL BARNES failing to make sure that changing lanes from a direct line could be made in safety in violation of MCL §257.648(1), and its amendments;

4

    d)    In the Defendant MICHAEL BARNES failing to make proper observations of the conditions of the highway and any other conditions then and there existing before attempting to enter an already occupied lane;

    e)    In the Defendant MICHAEL BARNES driving a commercial vehicle in a grossly negligent manner.

10.    To the extent that a choice of laws requires, Defendant ALLEY CASSETTY COMPANIES, INC., also breached the common law and statutory duties imposed by the State of Michigan in the following, but not limited to the following, manner:

    a)    In the Defendant ALLEY CASSETTY COMPANIES, INC., having its driver driving a motor vehicle upon the highway in a careless, reckless, and wanton manner in total disregard of the rights and safety of other lawfully upon the highway in violation of MCL §257.626, and its amendments;

    b)    In the Defendant ALLEY CASSETTY COMPANIES, INC., having its driver failing to maintain a proper lookout and in otherwise negligently operating a motor vehicle so as to cause a collision, injury and harm to your Plaintiff in violation of MCL §257.402; MCL §257.643; MCL §257.627 and its amendments;

    c)    In the Defendant ALLEY CASSETTY COMPANIES, INC., having its driver failing to make sure that changing lanes from a direct line could be made in safety in violation of MCL §257.648(1), and its amendments;

    d)    In the Defendant ALLEY CASSETTY COMPANIES, INC., having its driver failing to make proper observations of the conditions of the highway and any other conditions then and

      there existing before attempting to enter an already occupied lane;

  e)  In the Defendant ALLEY CASSETTY COMPANIES, INC., having its driver driving a commercial vehicle in a grossly negligent manner.

11. Following the collision, Plaintiff JIM HENRY REDD, experienced neck and back pain, as well as right shoulder pain.

12. Plaintiff maintains that as a direct and proximate result of the Defendants' negligence and breaches of statutory duty, he sustained a cervical disc herniations, tears in the right shoulder, and lower back injury, that constitute serious and permanent injuries. Further, these injuries have caused Plaintiff pain and suffering, loss of earning capacity, loss of social pleasures, and have affected his ability to lead his normal life. The injuries sustained in the collision will in the future cause Plaintiff JIM HENRY REDD pain and suffering, loss of earning capacity, loss of social pleasures, and will affect his ability to lead his normal life.

13. As a direct and proximate result of Defendants' negligence and breaches of statutory duty, medical expenses were incurred for the care and treatment of the injuries previously alleged, and additional expenses will in the future be incurred for treatment of these injuries.

14. As a result of the visible nature of Plaintiff JIM HENRY REDD'S injuries, Plaintiff has suffered humiliation and embarrassment and will in the future suffer humiliation and embarrassment.

6

15. Plaintiff JIM HENRY REDD is hereby claiming any and all damages allowable under the applicable law, to include, but not be limited to both economic and non-economic losses.

16. This Court has jurisdiction as a result of the injuries and damages sustained by the Plaintiff as there is diversity of citizenship amongst the parties and the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and cost.

WHEREFORE, your Plaintiff herein prays for a judgment against the Defendants, in whatever amount the jury or court determines to be fair, just and adequate compensation for the injuries and damages sustained, together with interest, court costs and attorney fees.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY**

                                              Respectfully submitted,

                                  By: /s/ Patrick A. Rooney
                                       PATRICK A. ROONEY (P51969)
                                       Attorney for Plaintiff
                                       42490 Garfield Road, Suite 210
                                       Clinton Township, MI 48317
                                       (586) 286-1500

Dated:  December 2, 2020